■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN C. CLEMENT, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court of Clinton County which dismissed a writ of habeas corpus. Appellant was indicted for rape in the first degree, carnal abuse of a child, and for assault in the second degree. The records indicate that upon arraignment he pleaded not guilty and was assigned counsel. He appeared before the Supreme Court, in Franklin County, the second time with his counsel, who waived the reading of the indictment and moved that the case be transferred to the County Court. No formal order of the Supreme Court transferring the case to the County Court was actually entered, but the court records show the following: " The Court: Let the record show that the attorney assigned to this defendant, Benjamin Charles Clement, waives the reading of the indictment, enters a plea of not guilty and moves the case to County Court. The defendant is remanded to the custody of the Sheriff." In County Court defendant still represented by counsel, pleaded guilty to the crime of rape in the first degree;

and upon motion of his counsel the remaining counts in the indictment were dismissed. Appellant then waived the two-day notice of sentence and was sentenced to a term from 20 to 40 years imprisonment. On this appeal appellant argues that the County Court did not comply with section 480 of the Code of Criminal Procedure. The minutes show that the clerk of the court asked him if he had any legal cause to show why sentence should not be pronounced, and the court asked " Is there anything you wish to say before sentence is pronounced, Clement? " Section 480 of the Code of Criminal Procedure was therefore complied with even under the decision in the case of *People ex rel. Miller* v. *Martin* (1 N Y 2d 406). Appellant further argues that the indictment against him was never transferred to the County Court. In view of the fact that his counsel made a motion for the transfer, as heretofore indicated, and the County Court assumed jurisdiction, a presumption arose that the transfer was made which is not rebutted merely by the fact that no formal order of transfer is found in the record. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.